ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                    )
                                               )
Heart & Core LLC                               )        ASBCA No. 63403
                                               )
Under Contract No. FA7000-18-D-0004            )

APPEARANCE FOR THE APPELLANT:          Ms. Jen Swendseid
                                         President

APPEARANCES FOR THE GOVERNMENT:        Jeffrey P. Hildebrant, Esq.
                                         Air Force Chief Trial Attorney
                                       Isabelle P. Cutting, Esq.
                                       Maj Alissa J. Schrider, USAF
                                         Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MELNICK

Appellant, Heart & Core LLC, elected to pursue this appeal under the Board's Rule 12.2, Small Claims (Expedited) procedure. Accordingly, this decision shall have no precedential value, and in the absence of fraud shall be final and conclusive and may not be appealed or set aside. *See* 41 U.S.C. § 7106(b)(4)-(5).

On December 5, 2017, the 10th Contracting Squadron at the United States Air Force Academy ("government") awarded Heart & Core a requirements contract to supply comforters, blankets, sweatshirts, and sweatpants, each of which was for a firm-fixed price. The base year commenced in 2017 with four additional option years containing escalating prices. The comforter prices ranged from $55.00 per item in the base year to $58.00 in the last option year. (R4, tab 2) The government exercised all four options (R4, tabs 7, 8, 10, 14). Separately, on August 10, 2020, the same component awarded to Heart & Core a firm-fixed price indefinite quantity contract for bathrobes over four ordering periods commencing in 2020 and running through 2023. The prices escalated from $53.25 per item in the first ordering period to $58.50 in the last. (R4, tab 9)

On April 4, 2022, Heart & Core's CEO/Co-owner emailed a Request for Equitable Adjustment (REA) to the contracting officer, seeking a 30% price increase for the comforters and a 20% increase for the bathrobes. She based her request upon increased shipping, labor, and fabric costs. (R4, tab 22) In an amended request dated April 29, 2022, she contended that the new prices were justified given the COVID-19 pandemic (R4, tab 24). On June 23, 2022, the contracting officer denied the request (R4, tab 27). Heart & Core has appealed. Its notice of appeal seeks $69.60 per

comforter and $71.50 per bathrobe.  It says the total it seeks is $36,030.  The parties have elected to proceed with briefing only under Board Rule 11.

The government does not challenge our jurisdiction to consider this appeal stemming from the denial of Heart & Core's REA.  We agree we possess jurisdiction. *See Zafer Constr. Co. v. United States*, 40 F.4th 1365 (Fed. Cir. 2022).

Heart & Core's Rule 11 submittal consists of an email presenting links to internet search engine queries for bathrobes and comforters available for sale online by other vendors at retail prices higher than its contract prices.  It implies these listings prove that its prices are below the market for these items.  It has not offered evidence that the online merchandise is identical to the items it contracted to provide to the government.  Moreover, that other vendors charge a higher price for their products does not demonstrate that Heart & Core encountered increased costs for its materials, labor, and transportation above what it expected, or the amount of any increases.  Heart & Core's REA and amended REA also provide links to various media accounts it claims support its claim.  Among those we could review were articles from January of 2022 generally describing higher costs and delays encountered by businesses ordering materials and shipping goods.  There were also some previous invoices but nothing to clearly prove cost escalations.  (R4, tabs 22, 24)  Consequently, though we can accept that Heart & Core has experienced inflationary cost increases, it has not proven the specific amounts.

Even if Heart & Core proved that its costs substantially increased beyond expectations, we cannot grant its appeal.  We are constrained by the contracts which are for firm-fixed prices.  Heart & Core bore the risk of cost increases and the government is not obligated to adjust the prices to account for them. *Ace Elecs. Def. Sys.*, ASBCA No. 63224, 22-1 BCA ¶ 38,213 at 185,568.  "Under a firm-fixed price arrangement, [Heart & Core] assumed 'maximum risk and full responsibility for all costs and resulting profit or loss.'" *Parsons Gov't Servs., Inc.*, ASBCA No. 61630, 20-1 BCA ¶ 37,655 at 182,815 (quoting FAR 16.202-1).  Accordingly, "[t]he price was 'not subject to any adjustment on the basis of [Heart & Core's] cost experience.'" *Id.*; *see also Zafer Taahhut Insaat ve Ticaret A.S. v. United States*, 833 F.3d 1356, 1361 (Fed. Cir. 2016).  Heart & Core's reply contends its costs have become commercially senseless, implying that performance is commercially impracticable.  However, it has neither alleged nor proven cost increases of a magnitude that could come within that doctrine. *See Ace Elecs. Def. Sys.*, 22-1 BCA ¶ 38,213 at 185,568 n.2.

Heart & Core also cites as a basis for recovery the contracts' recital of acts of God, epidemics, and quarantines as grounds to excuse a contractor's default (R4, tab 2 at 29, tab 9 at 16 (incorporating FAR 52.212-4, CONTRACT TERMS AND CONDITIONS-COMMERCIAL ITEMS (JAN 2017 & OCT 2018)).  It contends that when it signed the contracts it could not predict the increase in prices that the economy

2

has experienced. Assuming the COVID-19 pandemic has caused Heart & Core to face higher costs, neither the contracts' provisions excusing default, nor any of their other terms, shift the risk of performance cost increases generated by an unforeseen pandemic to the government. *See Ace Electronics Def. Sys.*, 22-1 BCA ¶ 38,213 at 185,568 (citing *Pernix Serka JV v. Dept. of State*, CBCA No. 5683, 20-1 BCA ¶ 37,589 at 182,522-23). Presumably, Heart & Core recognized when bidding on the contracts that costs could increase over time because it escalated its prices for the various options and ordering periods. The risk of a fixed price contract is that the market will change. Heart & Core took the chance that the costs of its materials, labor, and shipping would not fluctuate far above what it planned, while the government protected itself from the consequences if they did. *See Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1295 (Fed. Cir. 2002). We must enforce the agreements made by the parties.[1]

CONCLUSION

The appeal is denied.

Dated: January 11, 2023

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

---

[1] Heart & Core has indicated that the increased costs have jeopardized this small business. Its reply brief suggests it should receive relief under Public Law No. 85-804 as implemented by FAR Part 50. We lack jurisdiction to grant such a remedy. *Am. Gen. Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,638-39. Nevertheless, the undersigned fails to see where it serves the government's interest to push toward failure small government contractors recently experiencing unusual inflationary pressures. While we cannot compel the government to pay increased amounts to Heart & Core it is encouraged to explore an equitable accommodation.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63403, Appeal of Heart & Core LLC, rendered in conformance with the Board's Charter.

Dated: January 11, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals